## Booth's Estate.

*Practice, O. C.—Powers—Blending—Whether donee has blended appointed and individual estates will not be determined on the audit of donee's trustee's account.*

1. Whether a life-tenant, with power of appointment over the remainder, has so executed the power as to blend the appointed estate with his individual estate and thus make the former liable for his individual debts and inheritance taxes, will not be determined upon the audit of the account of his trustee filed upon the falling in of the life estate.

2. When such a question arises, the practice is to award the fund to the donee's executor with instructions to segregate it, and the question will be determined at the audit of his account.

Exceptions to adjudication.   O. C. Phila. Co., Jan. T., 1890, No. 462.

*Roberts & Montgomery*, for exceptant.

GEST, J., May 7, 1926.—The testatrix, who died Aug. 14, 1889, devised a share of her estate in trust for her niece, Mary Eyre Howell, for life, with a general power of testamentary appointment over the remainder.   Mary Eyre Howell died Dec. 31, 1925, leaving a will, by which she directed her executors to pay her debts and funeral expenses, bequeathed certain personal effects specifically, and then disposed of her residuary estate as follows: "All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever situated, including any estate held in trust for me, I give, devise and bequeath to my brother Charles and my daughter Evelyn," in trust to pay the income to said daughter for her life, with remainder to her issue, etc.   The present account is filed by the trustees for Mary Eyre Howell, and the Auditing Judge held, in consideration of the direction to pay debts in the will of the donee, and the phraseology of her will, "including any estate held in trust for me," that the appointed estate became liable for her debts, adding that whether or not it is liable for the tax is a question not before the Auditing Judge, in that the award will be made to the executors of the will of Mary Eyre Howell, deceased.   Exceptions were filed on the

ground that the award should have been made to the trustees under the will of Mary Eyre Howell in trust for her daughter Evelyn, the question argued being whether Mary Eyre Howell, donee of the power, had blended the appointed estate with her own.

We are of opinion that we should not at present decide whether the appointed estate is or is not liable for the debts of the donee, or for inheritance tax, as part of the donee's individual estate. The possible creditors of the donee are not before us, and, in accordance with our usual and safer practice in such cases as this, the exceptions must be dismissed. The executors of the donee, in filing their account, will segregate the assets now awarded, and, at the audit of their account, the questions may be determined which were discussed at the argument. This practice is illustrated in Brown's Estate, 17 Dist. R. 569; Fisher's Estate, 16 Dist. R. 151; Sparks's Estate, 30 Dist. R. 815, and McCord's Estate, 276 Pa. 459, and is referred to in Mitchell's Estate, 7 D. & C. 387; so that this award, being made purely for administrative purposes, is without prejudice to the rights of any person interested as they may appear at the audit of the executors' account. The liability of the appointed estate for the debts of the donee, referred to in the adjudication, need not be determined at present.

The exceptions are dismissed and the adjudication, with the above qualification, is confirmed absolutely.

LAMORELLE, P. J., absent.