INGRAHAM, MCLAUGHLIN, HOUGHTON and SCOTT, JJ., concurred.

Order affirmed, with costs.

---

THE FARMERS' LOAN AND TRUST COMPANY, as Trustee under the Last Will and Testament of CATHARINE ANN TEN EYCK, Deceased, Respondent, *v.* JOHN WILLIAM A. SHAW and Others, Defendants, Impleaded with MARY J. HALL and Others, Appellants, and TUSKEGEE NORMAL AND INDUSTRIAL INSTITUTE and Others, Respondents.

First Department, July 8, 1908.

Will — power of appointment construed — when not limited to natural persons — when foreign corporation can take — power of alienation not unlawfully suspended — devise of more than one-half to charitable institution — husband of appointor cannot invoke statute.

Where a residuary estate is placed in trust to pay the net income to a person named and in trust upon her decease to "dispose of, convey and pass" the trust estate, or so much thereof as may then remain, to be held upon the trusts declared to such persons and in such manner as she, the beneficiary, shall have "directed and appointed" by will, and in default of such will, or as to any

trust property not disposed of thereby, upon the further trust to distribute the same as if the testatrix had died intestate, the beneficiary has an unlimited power of appointment, even though the property was held upon the further trust to convey to heirs and next of kin of the testatrix if the beneficiary failed to exercise her power of appointment.

The validity of an appointment made by the beneficiary must be determined by reading it as if contained in the original will conferring the power.

As the beneficiary was given a power of appointment "to such person or persons, and in such manner as she * * * shall have directed" by will, she was not limited to the appointment of the natural persons who were named as remaindermen under the original will, but was empowered to exercise the appointment in favor of private corporations, they being included in the term "person."

The beneficiary by creating two separate trusts under her power of appointment in favor of persons in being at the time of the death of the original testatrix did not unlawfully suspend the power of alienation.

The appointment of an educational corporation, organized under the laws of another State, as remainderman after the termination of the two trusts aforesaid, is not void where chapter 136 of the Laws of 1894, authorizing a devise to foreign corporations, was in force at the time of the death of the appointor, and where the gift is absolute and without qualification. Such gift of the remainder is not qualified because the fund is treated as a memorial to a certain person and is to be used as a scholarship fund to aid female students.

The estate and interest of such foreign corporation in and to the remainder came into existence only by virtue of the will of the appointor, and the corporation is entitled to take if said statute was in force at the time of her decease.

The surviving husband of the appointor cannot attack the validity of the gift to said corporation under chapter 360 of the Laws of 1860, which prohibits disposition of more than one-half of an estate to charitable institutions under certain conditions, for the appointor was not disposing of her own property, but that of the original testatrix.

One given a power of appointment has no estate in the property, is not an owner thereof, and can convey the fee only in the exercise of the power given by the will.

APPEAL by the defendants, Mary J. Hall and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of New York on the 31st day of December, 1907, upon the decision of the court rendered after a trial at the New York Special Term in an action brought to construe a will.

*Alfred C. Cowan* and *Gilbert W. Minor*, for the appellants.

*James F. Horan*, for the plaintiff, respondent.

*William H. Harkness*, for the respondent 'Tuskegee Normal and Industrial Institute.

*Harrison S. Moore* and *Clinton B. Smith*, for the respondents Flushing Free Library and Hospital and Dispensary of the Town of Flushing.

Judgment affirmed, with costs, on opinion of BISCHOFF, J., at Special Term.

The following is the opinion delivered at Special Term:

BISCHOFF, J.:

Under the will of Catharine Ann Ten Eyck, so far as material to be considered, testatrix gave her residuary estate to plaintiff in trust to invest and pay over the net income during life to Mary E. Shaw, and in trust upon the decease of Mary E. Shaw to "dispose of, convey and pass over all and singular the said trust estate, or so much thereof as may then remain and be held upon the trusts herein declared, to such person or persons, and in such manner as she, the said Mary E. Shaw, shall have directed and appointed by any last will and testament duly executed by her, and in default of such will, or as to any of the trust property not disposed of by such will, upon the further trust to convey, pass over and distribute the said trust estate, or so much thereof as may then remain to the same person or persons, and in the same shares and proportions as the laws of the State of New York would designate, appoint and regulate had I then died intestate, and to his, her or their respective heirs, executors, administrators and assigns forever." Catharine Ann Ten Eyck died leaving certain of the defendants who would come within the clause to take in case of Mary E. Shaw's failure to exercise the power of appointment given her and hereinabove quoted, and to whom the former gave life legacies under her will. The plaintiff, as trustee, received from the executors of Catharine Ann Ten Eyck both personal and real property. Mary E. Shaw died about March 10, 1905, leaving her last will and testament under which plaintiff was appointed executor, and which was admitted to probate in New York county, and under which plaintiff has qualified. She owned no real property and her personal property was less in amount than debts due

from her. A transfer tax of $2,274.69 was fixed upon the property of Catharine Ann Ten Eyck which passed under the will of Mary E. Shaw. Under her will Mary E. Shaw exercised the power of appointment given her, and disposed of the whole estate over which she had authority. The principal controversy is raised by the contention of certain of the defendants who would take under the will of Catharine Ann Ten Eyck and the statutes of distribution, provided the will of Mary E. Shaw does not pass by virtue of the power given her over the remainder of the estate of the testatrix, and largely to determine as to whom plaintiff should distribute and pay over such residuary estate, this action has been brought. In the absence of any statutory limitation of the power, it is clear that the language of the will of Catharine Ann Ten Eyck must be given its plain and ordinary meaning, and that such leaves it open to Mary E. Shaw to direct the transfer of any part or all of the fund referred to in the quoted paragraph of Catharine Ann Ten Eyck's will, "upon the decease of said Mary E. Shaw to dispose of, convey and pass over all and singular the said trust estate, or so much thereof as may then remain and be held upon the trusts herein declared, to such person or persons, and in such manner as she, the said Mary E. Shaw, shall have directed and appointed by any last will and testament duly executed by her," is plain, clear and in no way ambiguous. This power of appointment must be read in determining its effect as though it had been incorporated in the original will, the rule being that "the question of the validity of an appointment is to be determined by reading it as though contained in the original instrument conferring the power of appointment." (*Maitland* v. *Baldwin*, 70 Hun, 267, 272.) There does does not seem to be the slightest indication, so reading the original will and that of Mary E. Shaw, of an intention on the part of Catharine Ann Ten Eyck to limit this power of appointment to her heirs at law and next of kin. She did, it is true, provide for her heirs at law and next of kin in the contingency of the non-exercise of the power of appointment by will, or as to any of the trust property not disposed of by such will, and, indeed, expressly says that "in default of such will, or as to any of the trust property not disposed of by such will," the property should be held upon the further trust to convey, pass over and distribute to the certain heirs at

law and next of kin or class as therein specified. It was, therefore, a general power of appointment without limitation. (*Cutting* v. *Cutting*, 86 N. Y. 522.) The intent of the testatrix, Catharine Ann Ten Eyck, to give this unlimited power of appointment to Mary E. Shaw is so clear in view of the language used that the citation of further authorities seems needless, particularly under the well-settled rule that effect must be given to the clear intent of a testator as indicated by the language used. The contention that the residuary property could be paid over only to natural persons who were nominated as remaindermen by Mary E. Shaw also seems to be entirely disposed of by the language of the 4th clause of the will of Catharine Ann Ten Eyck, which says, " to such person or persons, and in such manner as she, the said Mary E. Shaw, shall have directed," and which can have no limitation to natural persons only in the absence of language expressly so limiting the meaning of the word " persons." (*Matter of Fox*, 52 N. Y. 530; *Pembina Mining Co.* v. *Pennsylvania*, 125 U. S. 189.) In the last case cited it is said : " Under the designation of person there is no doubt that a private corporation is included. Such corporations are merely associations of individuals united for a special purpose and permitted to do business under a particular name and have a succession of members without dissolution. As said by Chief Justice MARSHALL, ' The great object of a corporation is to bestow the character and properties of individuality on a collective and changing body of men,' " citing *Providence Bank* v. *Billings* (29 U. S. [4 Pet.] 514, 562). The testatrix, Catharine Ann Ten Eyck, created two separate trust funds of the sum of $10,000 each for the benefit of the defendants Annie Johnson and Sarah Porter, both of whom were conceded to have been in being at the time of the death of Catharine Ann Ten Eyck, one of whom was the mother of Mary E. Shaw, and the other a beneficiary under the Ten Eyck will. These dispositions were valid under the statutes, and the power of alienation was not suspended beyond the statutory period computed from the time of the death of Catharine Ann Ten Eyck, that is, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition, or as in the case at bar, for not more than two lives in being at the death of the testa-

trix. (1 R. S. 773, §§ 1, 2; Real Prop. Law,* § 158; *Hillen* v. *Iselin*, 144 N. Y. 365.) The contention that the gifts of remainders after the life estate of Mary Johnson and Sarah Porter to the Tuskegee Normal and Industrial Institute are void as being trusts not authorized by the statutes of this State seems to have no merit. The gifts to the Tuskegee Institute of the two remainders, one of $5,000 and the other of $10,000, are by the terms of the will absolute gifts, and without qualification. There is nothing to indicate by the terms of the will that the Tuskegee Institute was not to become the absolute owner of these residuary funds. It is true that a clause in the will relates to treating this fund as a memorial to Ethel Shaw, and to its use as a scholarship fund, but such can be considered as nothing more than the expression of the desire on testatrix's part as to the use to which such money was to be put, and it does not in any way limit or qualify the absolute gift. (*Rainey* v. *Laing*, 58 Barb. 453; *Matter of Zimmerman*, 22 Misc. Rep. 411; 84 N. Y. St. Repr. 395.) This gift being absolute, the contention that the institute is not authorized to take the property for any such limited purpose falls, as well as the question raised that if male students are entitled to attend the institute the limitation to the use of such property to female students renders the bequest void. The fact that chapter 136 of the Laws of 1894,† which provides that "any foreign corporation * * * may take by devise any real property situated within this State and hold the same for not exceeding five years * * * from the time when the right to the possession thereof vests in such devisee and convey it by deed or otherwise in the same manner as a domestic corporation" was in effect at the time of the death of Mary E. Shaw, and that the possession of the real property in question herein was then in the Farmers' Loan and Trust Company, as trustee, effectually disposes of the contention that the Tuskegee Institute was not competent to hold real estate because it was a foreign corporation. It certainly cannot by any rule of construction be claimed that the Tuskegee Institute took any interest or estate, either present or by way of remainder, in this property until after the act of 1894 had gone into effect, as it took by virtue of the will of Mary E. Shaw,

---

* Laws of 1896, chap. 547.— [REP.

† Amdg. Gen. Corp. Law (Laws of 1892, chap. 687), § 18.— [REP.

and Mary E. Shaw died in 1905. (*Matter of Stewart*, 131 N. Y. 274; *Richards* v. *Hartshorne*, 110 App. Div. 650.) Mary E. Shaw's husband, whom she left surviving, has no right to invoke to his advantage chapter 360 of the Laws of 1860, which prohibits the disposition of more than one-half of an estate under certain conditions to charitable and benevolent institutions, Mary E. Shaw not disposing of her property, and the statute in question could have no application to her applying the power of appointment given to her under the will of Catharine Ann Ten Eyck. The statute invoked provides that "no person having a husband * * * shall by * * * her last will * * * devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half and no more." Mary E. Shaw was not disposing of her property, but was by her power of appointment disposing of the property of Catharine Ann Ten Eyck. The object of this statute undoubtedly is to protect the persons who would be the natural recipients of the bounty of the testators and would benefit by an intestacy on the part thereof, and hence can have no application to the case of an exercise of a power such as was given to Mary E. Shaw. The mere fact that Mary E. Shaw had this power of appointment over the property gave her no estate therein. She was not the owner of the property and could convey the fee only in the exercise of the power given by the will. (*Dana* v. *Murray*, 122 N. Y. 604; *Eells* v. *Lynch*, 8 Bosw. 465.) No other question presented by defendants requires serious consideration, and findings should be submitted providing for a referee to take and state the account of plaintiff as trustee under the last will and testament of Catharine Ann Ten Eyck in the usual form, and for turning over to the plaintiff an amount sufficient to pay the debts of Mary E. Shaw, the transfer tax upon the amounts passing under her will, and sufficient to pay the expense of the administration of the estate of Mary E. Shaw to the Farmers' Loan and Trust Company as executor of the last will and testament of Mary E. Shaw, and providing for the distribution of the balance of the funds as directed in the last will and testament of Mary E. Shaw.