## McCord's Estate.

*Taxation—Collateral inheritance tax—Wills—Exercise of power of appointment—Blending estates—Act of June 20, 1919, P. L. 521.*

1. Donees under general powers of testamentary appointment may dispose of the estate, subject to the power, directly to their appointees, or they may reduce it to the possession of their executors, and subject it to their debts, expenses of administration and legacies; if the donee blends with his own the estate subject to the power, the whole estate passes to the executor.

2. If such a donee under a will taking effect prior to the Act of June 20, 1919, P. L. 521, pursues the latter course, legatees mentioned therein, who are lineal descendants of the donor, are subject to the collateral tax, as provided by the act.

Argued January 18, 1923. Appeal, No. 203, Jan. T., 1923, by A. C. Robinson et al., trustees, from decree of

O. C., Phila. Co., Jan. T., 1922, No. 181, dismissing exceptions to adjudication, in estate of Ella McCord, deceased. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GEST, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by HENDERSON, J., LAMORELLE, P. J., dissenting. See 2 D. & C. R. 5.

A. C. Robinson et al., trustees, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*George Vaughan Strong,* for appellants.—Appointed property passing to lineals of John D. McCord is not subject to a collateral inheritance tax: U. S. v. Chase, 135 U. S. 255; Thomas v. Hinkle, 126 Pa. 478; Kolb v. Church, 18 Pa. Superior Ct. 477; U. S. v. Field, 255 U. S. 257; Lisle's Est., 22 Pa. Superior Ct. 262; Parke's Est., 13 Pa. Dist. R. 196; Bullitt's Est., 26 Pa. Dist. R. 566.

In no case disclosed by appellant's search has an inheritance tax statute, whether it imposes a probate, legacy, estate, transfer or succession tax, been construed to tax appointed property as part of the estate of the donee or as passing from him, unless the statute itself particularly so provided. On the contrary, in every case passing on the question, it has been ruled that the appointed property is part of the donor's estate and passes from him, its taxability being determined accordingly.

*Abraham Berkowitz,* with him *Geo. Ross Hull,* First Deputy Attorney General, and *George E. Alter,* Attorney General, for appellee.—There is a clear and well-defined exception to the general rule which holds that where the donee of the general power of appointment by will discloses an intention to blend the appointed property with his own and reduces the whole fund to the possession of the executors, and subjects the blended fund

to payment of the debts, expenses of administration and legacies, the unified corpus passes as the estate of the donee, having become part of his estate: Com. v. Williams, 13 Pa. 29; Com. v. Duffield, 12 Pa. 277; Stokes' Est., 20 W. N. C. 48; Lyndall's Est., 2 Pa. Dist. R. 476; King's Est., 14 W. N. C. 77.

OPINION BY MR. JUSTICE WALLING, February 12, 1923:

John D. McCord, of Philadelphia, died in 1900, and by his last will created a trust of his residuary estate, which he directed his trustees to divide into seven equal parts and, inter alia, to pay the net income derived from one of said parts to his daughter, Ella McCord, during the term of her natural life. His will directs the trustees at her death, "to hold the share or portion of my estate represented by my said daughter, and from which she had been deriving the income at the time of her death, and to dispose of the same, principal and accumulated income, to and among such person and persons, and for such uses as she, my said daughter, may direct and appoint by any last will and testament, duly executed in the presence of two witnesses." Ella McCord died in 1921, unmarried and without issue, and her last will states, inter alia, "1: It is my intention by this my will to dispose not only of all estate and property which I own or hold in my own right, but also all over which I have any power of appointment and especially that devised or bequeathed by the will of my father John D. McCord and it is my further intention that the entire estate and property shall be administered by my executors hereinafter named for the purpose of carrying out the provisions of my will. 2: I order and direct that my just debts and funeral expenses be paid by my said executors." This is followed by numerous pecuniary legacies, to relatives and others, totaling $55,500; and clause 15 is, "I direct that all of the foregoing legacies shall be paid free of any inheritance or succession taxes, which taxes shall be paid out of my residuary estate"; this is

followed by a residuary clause and the appointment of executors and trustees.

The one-seventh interest passing under the power of appointment, herein called "the trust fund," amounted to $77,000, and was turned over to Ella McCord's executors and trustees as provided in her will. In addition to this, she left an estate of her own amounting to $23,-500, also an indebtedness of over $5,000, exclusive of counsel fees, commissions and other expenses of administration. All the legatees under Ella McCord's will were collateral as to her but many of them were lineal descendants of her father, John D. McCord. At the audit of the Ella McCord estate the Commonwealth presented a claim of $4,555.77 (less $855 paid on account), being 5% collateral transfer inheritance tax on the clear value of the blended estate, under the Act of June 20, 1919, P. L. 521. The allowance of this claim by the orphans' court forms the basis of this appeal by Ella McCord's trustees.

The decree should be affirmed. The general rule undoubtedly is that an estate given under a power of appointment passes to the appointee from the donor and forms no part of the donee's estate: Huddy's Est., 236 Pa. 276, 281, and cases there cited; also Aubert's App., 109 Pa. 447; 31 Cyc. 1148. In such case, where the appointee is a lineal descendant of the donor, the legacy is not subject to a collateral inheritance tax: Com. v. Williams' Executors, 13 Pa. 29. Here, however, Ella McCord's power of appointment by will being unlimited, she could transfer the trust fund to her own estate and did so in unmistakable language, making it a part thereof for all purposes; her intent to do so is emphasized by the fact that her will makes no further mention of the power or trust fund. It thus became blended with her other property as one estate, from which debts and legacies were payable. Not one of the numerous pecuniary bequests is payable from any particular fund. She makes the trust fund a part of her own estate and

then distributes the whole to the objects of her bounty, who take as her legatees. While Ella McCord was not the owner of the corpus of the trust fund in her lifetime, she was the owner of the power, which she exercised, of making it a part of her estate at her death; to hold otherwise would restrict an unrestricted power of appointment. As stated by the auditing judge: "A general or unlimited power of testamentary dispositions, however, approximates very closely the absolute ownership of its subject (South's Est., 248 Pa. 165), and if it be admitted, as it must, that Ella McCord had the right to appoint to her executors and make the appointed property a part of her own estate, she died seized or possessed of that right, and the transfer of the property, which is the thing taxed under the Act of 1919, was made by virtue of the specific provisions of her will." True, she could have exercised the power by transferring the trust fund to her father's lineal descendants or others as gifts from him, and come within the authorities above cited; but she did not choose to do so. On the other hand she was within her rights in transferring the trust fund to her own estate. In the language of the court below: "Donees under general powers of testamentary appointment may dispose of the estate, subject to the power, directly to their appointees, or they may reduce it to the possession of their executors and subject it to their debts, expenses of administration and legacies. When the latter course is pursued, it passes as the estate of the donee, [of] one of which he was possessed by virtue of the power in his lifetime." It follows that the donee's estate, in the instant case, of which the trust fund forms a part, is subject to the collateral inheritance tax. While there seems to be no case directly in point, the decree appealed from finds support in the opinion of Judge PENROSE in Finn's Est. (No. 2), 18 Dist. R. 408, and also Stokes' Est., 20 W. N. C. 48, to the effect that where the donee of a general power of appointment has blended the estate subject to the power with his own, the entire fund passes

to the executor of the donee and is subject to the payment of his debts. In Huddy's Est., supra, and other cases called to our attention, the trust fund passed from the donor's estate to the appointee, with no blending of the two estates.

The decree is affirmed, costs to be paid by Ella McCord's estate.