## Forney's Estate.

*Wills—Testamentary power—Exercise of power—Blending estates—Payment of debts—Payment of legacies—Inheritance tax—Collateral inheritance tax—Taxation.*

1. Where a testatrix, having an estate of her own and a power of appointment under her father's will, directs the payment of debts and certain legacies and states that such direction shall include all the estate under her father's will as to which she has a power of appointment, she thereby blends her own estate with that which she holds under the power and the whole passes as her own property, and is subject to the inheritance tax as such.

2. If the legacy is to a sister, such legacy is liable for the collateral tax of ten per cent, although the legatee is a direct descendant of the testator creating the power.

Argued March 26, 1924. Appeal, No. 284, Jan. T., 1924, by Mary Forney Thunder, legatee, from decree of O. C. Phila. Co., April T., 1923, No. 1484, dismissing exceptions to adjudication, in estate of Tillie May Forney. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by GUMMEY, J., LAMORELLE, P. J., dissenting.

Mary Forney Thunder, sister of testatrix and residuary legatee under the will, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*W. Horace Hepburn,* for appellant.—Appellant takes under the will of her father the residuary trust estate over which her sister, the decedent, had a power of appointment: Com. v. Duffield, 12 Pa. 277; Stokes's Est., 20 W. N. C. 48; Com. v. Williams, 13 Pa. 29; Swaby's App., 14 W. N. C. 553; Huddy's Est., 236 Pa. 276; Penna. Co.'s App., 264 Pa. 433; Morgan's Est. (No. 1), 223 Pa. 228; Lawrence's Est., 136 Pa. 354; Cox v. Dickson, 256 Pa. 510.

Tillie May Forney had no authority whatever by appointment to make the trust estate, over which she had the power, a part of her own estate or subject it to the payment of her debts: Dunn's App., 85 Pa. 94; Holdship v. Patterson, 7 Watts 547; Horwitz v. Norris, 49 Pa. 213; Fell's Est., 14 Pa. Dist. R. 327; Ward's Est., 13 W. N. C. 282.

*J. Lee Patton,* for the register of wills of Philadelphia County, with him *John Robert Jones,* Deputy Attorney

General, and *George W. Woodruff,* Attorney General, cited: Linnard's Est., 9 W. N. C. 566; Ritchie's Est., 24 Pa. Dist. R. 510; Fisher's Est., 16 Pa. Dist. R. 151; Bucknell's Est., 29 Pa. Dist. R. 631; McCord's Est., 276 Pa. 459; South's Est., 248 Pa. 165; Horner's Est., 4 Pa. C. C. R. 189; Finn's Est., 18 Pa. Dist. R. 408.

OPINION BY MR. JUSTICE WALLING, April 14, 1924:

John W. Forney, late of Philadelphia, died in 1881, testate, and by the 13th item of his will directed that the share of his estate given to his daughter Mary Matilda (Tillie May) should be held in trust by his trustees for the term of her natural life, without the principal or interest being in any manner or under any circumstances or in any form or proceeding subject to or liable for any present or future debts of hers, and after the death of the daughter he bequeathed the same to her child or children, but should she die without leaving child or children then said share to be paid to such person or persons as the daughter so dying should respectively by any last will and testament, or instrument in the nature thereof, direct, limit and appoint. The daughter, Tillie May Forney, died in 1922, unmarried and without issue, leaving a last will wherein she provided, inter alia, as follows: "I. I direct my executor hereinafter named to pay all my just debts and funeral expenses as soon after my decease as may be found convenient. It is my will that this direction shall include all such estate or property as was given to me in and by the last will and testament of my father John W. Forney bearing date the fourth day of July, A. D. 1874, and respecting which I was conferred with a power of appointment.

"II. All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever situate at the time of my decease, including such property or estate as was given to me by my father John W. Forney in and by his last will and testament bearing date the fourth day of July, 1874, and in the exercise of

the power of appointment therein conferred upon me in the name of May Matilda, I give, devise and bequeath as follows:

[(a) gives a legacy in payment of specified indebtedness.]

"(b) All the rest, residue and remainder of my residuary estate, including that over which I have the power of appointment as aforesaid, I give, devise and bequeath unto my beloved sister Mary Forney Thunder, wife of Henry Gordon Thunder, absolutely and in fee simple."

Aside from the trust fund over which Tillie May Forney had and exercised a power of appointment, the estate held in her own right was not sufficient for payment of her debts. The auditing judge awarded the Commonwealth a transfer inheritance tax of ten per cent on the residuary estate passing to Mary Forney Thunder, under clause (b) above quoted. From the decree of the orphans' court, dismissing exceptions to the adjudication, Mrs. Thunder brought this appeal.

Notwithstanding appellant's very able and exhaustive argument, we are not convinced of error. Tillie May Forney, the donee, being childless, had, under her father's will, power to make such testamentary disposition of the trust fund as she saw fit. This enabled her to blend it, as she did, with the estate held in her own right and to dispose of the whole as one fund, first to her creditors and the residue to her sister. The intent to so blend is emphasized by being repeated in the clauses of her will as above quoted. That her individual estate was comparatively small is not important, nor is the fact that during life she could not render the trust estate liable for her debts; the case depends upon her power of appointment by will and the manner of its execution. The effect of Miss Forney's will was to make the trust estate a part of her own and then bequeath it as such to her legatees, who take from her and not from her father.

Under similar facts in McCord's Est., 276 Pa. 459, we hold the Commonwealth entitled to a transfer inherit-

ance tax on the blended estate passing to legatees under the donee's will, although such legatees were, as here, lineal descendants of the original donor. Our reasons for so holding, with the authorities in support thereof, appear there and need not be repeated here. That case governs the one in hand.

The decree is affirmed and appeal dismissed at the costs of appellant.