## Twitchell's Estate.

*Taxation—Collateral inheritance tax—Decedents' estates—Power to dispose of by will—Mingling estates—Acts of May 6, 1887, P. L. 79, and July 11, 1917, P. L. 832.*

1. Where the donee of a general power of appointment exercises the power by blending the trust estate with his own for all purposes and then bequeaths it as such to collaterals, the entire estate so passing is liable to the transfer inheritance tax of ten per cent under the Act of July 11, 1917, P. L. 832, as the property of the donee of the power.

2. If a tax of five per cent has been paid in 1918, on the estate in remainder after deducting the value of the life estate, as authorized by the Act of May 6, 1887, P. L. 79, such payment may be allowed as a credit on the ten per cent for which the estate is liable.

Argued May 19, 1925. Appeal, No. 26, Jan. T., 1926, by Mary Way, a legatee, from decree of O. C. Montgom-

ery Co., Nov. T., 1924, No. 32, dismissing exceptions to adjudication, in estate of Orpha W. Twitchell, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before SOLLY, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Mary Way, a legatee, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Harvey Gourley,* for appellant.—The legal effect of the tax payment on remainder bars the present claim: Coxe's Est., 193 Pa. 100.

The blending does not change the fact that Mary Way was the owner contemplated in the tax settlement: Com. v. Duffield, 12 Pa. 277.

The blending should not overthrow the tax settlement: Bittinger Est., 129 Pa. 344; Vanuxem Est., 212 Pa. 315; Kirkpatrick Est., 275 Pa. 271.

*John M. Dettra,* with him *Aaron S. Swartz, Jr.,* and *Samuel H. High,* for appellee.—The donee of the power, having blended the estate, the whole estate passed to her executrix and is subject to the transfer inheritance tax: McCord's Est., 276 Pa. 459; Forney's Est., 280 Pa. 282; Howell's Est., 4 Pa. D. & C. 526.

OPINION BY MR. JUSTICE WALLING, June 27, 1925:

Selden Twitchell died in 1917, childless, and by his last will created a trust of the property here in question for the use of his wife, Orpha W. Twitchell, for life and giving her absolute power to dispose of the same by will. He also directed that, on her failure to exercise such power, the trust property should vest in certain of his nephews and nieces. The widow, Orpha W. Twitchell, who had considerable estate in her own right, died

in 1923, and her last will provides, inter alia, as follows: "In the exercise of the express testamentary power vested in me by the last will and testament of my late husband, Selden Twitchell, I give and bequeath the principal of the estate of said Selden Twitchell, deceased, of which I have received the income during my lifetime, together with all my estate, real and personal, in the manner and to the extent hereinafter set forth. I direct that all my just debts and funeral expenses shall be paid so soon as conveniently may be after my decease. [Followed by certain specific legacies]......All the rest, residue and remainder of my estate, as well as the trust estate of my late husband, real and personal, after payment of the foregoing legacies, taxes, debts and necessary or usual expenses, I give, devise and bequeath unto my sister, Mary Way, of Norfolk, Virginia, absolutely, and in fee."

In 1918 the then five per cent collateral inheritance tax on the estate in remainder was paid to the Commonwealth by the Selden Twitchell executors, deducting the value of the life estate, as authorized by section 3 of the Act of May 6, 1887, P. L. 79, 80, the tax so paid being $14,069.19. After Orpha's death, the Commonwealth claimed the now ten per cent collateral inheritance tax on her entire net estate, including that over which she had and exercised power of appointment, but, of its own motion, credited her estate with the $14,069.19 so paid as the collateral tax on the Selden Twitchell estate. The auditing judge and the orphans' court allowed the Commonwealth's claim and Mary Way, the residuary legatee under Orpha's will, has appealed.

We have recently held (see McCord's Est., 276 Pa. 459; Forney's Est., 280 Pa. 282; also Kates's Est., 282 Pa. 417 that where the donee of a general power of appointment exercises the power (as here) by blending the trust estate with his own for all purposes and then bequeaths it as such, the entire estate so passing is liable to the transfer inheritance tax as the property of the

donee of the power. What the Selden Twitchell estate paid was the tax on the property passing from it, but Orpha's will vested that property in her estate and the transfer therefrom to her legatees as gifts from her was taxable as a new passing. It is a mistake to assume that the property passed from the Selden Twitchell estate to Mary Way; Orpha might have so transferred it but she did not do so; or she might have failed to exercise the power of appointment, rendering his alternate bequests effective; in either event it would have passed as gifts from him and escaped another tax. What was paid in 1918 must have been upon the assumption that such disposition would take place, but, as it did not, the only relief the Commonwealth could grant was to credit the amount so paid on the tax here in question. We are not persuaded by the ingenius and exhaustive argument of appellant's counsel that the instant case is distinguishable from those above cited.

The decree is affirmed at the cost of appellant.