## Commonwealth *v.* Morris et al., Appellants.

*Taxation—Inheritance tax—Power of appointment—Blending
estates—Acts of June 20, 1919, P. L. 521, and May 4, 1921, P. L.
341.*

Where a testatrix recites in her will that she intends to exercise
a power of appointment given to her under her father's will, and
also to dispose of all other estate which she may own at the time
of her death, and then proceeds without further mention of the
power, to dispose of her whole estate to various legatees, she so
blends the estate over which she has power of appointment with
her own estate as to make it a part of her estate subject to the
transfer inheritance tax imposed by the Act of June 20, 1919, P.
L. 521, as amended by the Act of May 4, 1921, P. L. 341.

Argued May 26, 1926.  Before Moschzisker, C. J.,
Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 28, May T., 1926, by defendants, from
judgment of C. P. Dauphin Co., Commonwealth Docket,
1926, No. 4, for Commonwealth, in case of Common-
wealth v. Marriott C. Morris et al., substituted trustees
for Beulah M. Rhoads under will of Samuel B. Morris
et al.  Affirmed.

Appeal from tax settlement.  Before Fox, J.

The opinion of the Supreme Court states the facts. Judgment for Commonwealth. Defendants appealed.

*Error assigned* was judgment, quoting it.

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* with him *John McI. Smith* and *Spencer G. Nauman,* for appellants.—Decedent did not so exercise the power as to blend the estate over which she had power of appointment with her own estate so as to make it liable for inheritance tax: Huddy's Est., 236 Pa. 276.

This real estate is an asset of the estate of Samuel B. Morris,—not of Beulah M. Rhoads: Com. v. Williams, 13 Pa. 29; Power's Est., 2 Pa. D. & C. R. 461.

The exercise of the power of appointment by Beulah M. Rhoads was nugatory: Evans's Est., 10 Pa. Dist. R. 261; Freeman's Est., 15 Pa. Dist. R. 928.

The property here on which a tax is claimed, being real estate, is not subject to blending, so as to make it liable for tax in Pennsylvania: Lawrence's Est., 136 Pa. 354; Cox v. Dickson, 256 Pa. 510; Terppe's Est., 224 Pa. 482.

*Philip S. Moyer,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellee offered no oral argument, but in their printed brief stated.—The will of testatrix shows an intention to blend the appointed estate with her own: Twitchell's Est., 284 Pa. 135; Forney's Est., 280 Pa. 282; McCord's Est., 276 Pa. 459.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1926:

Samuel B. Morris, father of the testatrix, Beulah M. Rhoads (with the latter's will we are immediately concerned), by his will directed that a one-third interest in certain real estate of which he died seized, situate in Philadelphia, should be held in trust for her for life and that thereover she might exercise a general power of appointment. Beulah M. Rhoads died domiciled in New

Jersey and in her will she sets forth: "Whereas, I am empowered by the will of my late father, Samuel B. Morris, to dispose by will of certain property and estates given and devised by him to trustees for my use and benefit, and am also possessed of other real and personal estate in right of my deceased mother, Hannah Perot Morris, clear of trusts. Now it is my intention by this writing to exercise the powers of willing and appointing the said estate derived from my late father in accordance with his will, as also to direct the disposition of all other estate and property, both real and personal, which I may own at the time of my decease, or have any right to control by my last will and testament." Following this preamble are nineteen clauses in which no mention is made of the property which she had the power to appoint. The twentieth clause disposing of the residue reads: "All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate, I give, devise and bequeath as follows: One-half thereof to the descendants then living of my brother, Samuel Morris, absolutely and clear of all trusts, per stirpes, upon the principle of representation, and the other one-half thereof to the descendants then living of my brother, Elliston P. Morris, absolutely and clear of all trusts, per stirpes, upon the principle of representation." The question involved is whether Beulah M. Rhoads by her will so blended the real estate over which she had the power of appointment with her estate generally as to make the real estate liable as part of her estate to the transfer inheritance tax imposed by the Act of June 20, 1919, P. L. 521, as amended by the Act of May 4, 1921, P. L. 341. The court below determined that she had so blended the appointive estate as to subject it to the tax. We think the conclusion correct.

Very recently we reviewed the cases dealing with the subject of blending estates and the consequent subjection of them to liability for inheritance taxes in the Estate of Christian Ax Hagen, 285 Pa. 326. No good purpose

would be served by again harrowing over the same ground. We there said that "the real test [as to whether there has been a blending] under our line of decisions is whether the testator has treated the two estates as one for all purposes and manifested an intent to commingle them generally." In the will now before us we have a declaration by the testatrix that it is her intention by her will to exercise the power of appointment under her father's will and "to direct the disposition of all other estate and property......which I may own......by my last will and testament." When, after making many specific legacies, she comes to make disposition of the residue, she puts everything together in hotch pot as it were and gives it to the descendants of her two brothers "clear of all trusts." To our minds the language of the preamble and the residuary clause shows that the testatrix in the words of Hagen's Estate "has treated the two estates as one for all purposes and manifested an intent to commingle them generally": McCord's Est., 276 Pa. 459; Forney's Est., 280 Pa. 282; Twitchell's Est., 284 Pa. 135.

The further proposition of appellants that the blending of the appointed estate works a conversion of the real estate located in this State and hence it is not subject to a tax here is answered adversely to their contention in Com. v. Presbyterian Hospital, 287 Pa. 49.

The judgment is affirmed.