See, also, Valentine's Estate [11 D. & C. 434], recently affirmed by this court, upon the equal division thereof.

I would sustain the exceptions.

GEST J., joins in this dissent.

## Valentine's Estate.

*William M. Boenning*, for Commonwealth, exceptant.
*Albert B. Maris*, contra.

VAN DUSEN, J., Jan. 4, 1929.—The court being equally divided in opinion, the exceptions are dismissed.

The reasons which move the members of the court who vote to dismiss are these: This testatrix's will starts off with a direction to pay debts. A residuary clause immediately follows disposing of "my estate of which I may die seized or possessed or which I may have in expectancy or remainder or over which I may have power of disposition by will, hereby expressly exercising any such power in me vested."

In Hagen's Estate, 285 Pa. 326, the mention of the power occurred only in disposing of the residue. There was nothing else in the will except a specific legacy of testator's old clothes, which would not affect blending. There was not even a direction to pay debts. This omission made the appointed estate not available for debts, and distribution under the power was associated only with part of the distribution of testator's own estate, namely, that which remained after payment of debts. Mr. Justice Schaffer said: "The testator made no provision in his will as to the payment of his debts, and, while it is not necessary to their payment that he should do so, this circumstance, in connection with the devise of the residue of his estate, has this bearing on the question with which we have to deal: When he spoke of the residue of his estate, he must have known, and necessarily meant, that this was such part of his estate as would remain after the payment of his debts. If he had devised his entire estate, together with the estates over which he had the power of appointment, putting all, as it were, in hotch pot, there then would be strong ground for holding that he had blended them, and the rule which

we have heretofore applied in cases like McCord's Estate, 276 Pa. 459; Forney's Estate, 280 Pa. 282; Kates's Estate, 282 Pa. 417, and Twitchell's Estate, 284 Pa. 135, would be applicable. As was said by the Superior Court in its opinion (85 Pa. Superior Ct. 123) now up for review: 'His use of the term (residue)—bearing in mind that the will contained no express direction to pay debts, etc.—is indicative of an intention that the fund over which he had power of appointment should not be subject to or used for the payment of his debts and, therefore, should not be blended with his estate generally, but should be differentiated so that his debts and any pecuniary legacies which he might give should be chargeable to and payable out of his estate, and that the balance, if any remaining, should be disposed of in the same way that he disposed of the appointed estate.' "

Our own case of Haven's Estate, 5 D. & C. 494, is to the same effect. There was no direction to pay debts, and, accordingly, the appointed estate could not be used to pay debts, and there was no blending.

In the present will, testatrix first directed the payment of her debts; all the rest of her estate, including that over which she had power of disposition by will (and this is the only mention of the power), she gave to certain persons. The appointed estate is, therefore, not available for debts; and not being available throughout for the same purposes as testatrix's own estate, is not blended with it. "The real test under our line of decisions is whether the testator has treated the two estates as one for all purposes and manifested an intent to commingle them generally:" Hagen's Estate, supra.

The opinion of the other members of the court distinguishes Hagen's Estate by saying that the residuary clause in the third item of the Hagen will disposes of the whole estate, and is the only part which deals with the power. But it is only the third item of that will that has anything dispositive in it. All the rest is recital. In the case at bar, the residuary clause of the will in which the mention of the power occurs disposes of the whole of testatrix's own estate likewise.

On the other hand, are the cases of McCord's Estate, 276 Pa. 459; Forney's Estate, 280 Pa. 282; Twitchell's Estate, 284 Pa. 135; Kates's Estate, 282 Pa. 417; Howell's Estate, 4 D. & C. 526, and Com. v. Morris, 287 Pa. 61, in which the appointed estate is available for all the purposes of the will, including debts. In Com. v. Morris, for example, the intention to exercise the power is stated in the preamble. Then follows a direction to pay debts (though the report does not show it), money legacies and a residuary clause, without further mention of the power. Both estates become available for all purposes—debts, legacies and residue—and blending resulted. It should be remembered, also, that McCord's Estate and Howell's Estate are special cases. In each there was emphatic language indicating affirmatively that testator wanted both estates to be treated as one; language which paraphrases the words of the Supreme Court, "blending the appointed estates with his own for all purposes." In McCord's Estate, for example, the will says: "The entire estate and property shall be administered by my executor hereinafter named for the purpose of carrying out the provisions of my Will." Dohan's Estate, 3 D. & C. 182, is another special case upon the other side. The will expressly said that the exercise of the power was confined to the residuary provisions.

We are not prepared to say that an excess of money legacies over the amount of testator's own estate is material in determining the question of blending in tax cases. South's Estate, 248 Pa. 165, does not deal with blending. If there be such a principle, we do not see its application to the present

case, for the money legacies here are only alternative gifts out of the residue. This would show, at most, that the appointed estate is available for all the residuary provisions, but not for debts. Testator has already said this expressly, and we do not need to resort to inference.

STEARNE, J., dissenting.—I am unable to concur in the opinion filed herein. This is an appeal from an appraisement for inheritance tax purposes. The Commonwealth contends that the donee of a testamentary power of appointment, under a deed of trust, has blended the appointed estate with her own, and has thus made it subject to tax. The Hearing Judge sustained an appeal from an assessment, to which the Commonwealth excepts. Our court is evenly divided on this question.

Testatrix first directed the payment of her debts, and then provided: "All the rest, residue and remainder of my estate, real, personal and mixed, of which I may die seized or possessed, or which I may have in expectancy or remainder, or over which I may have power of disposition by Will, hereby expressly exercising any such power in me vested, I give, devise and bequeath, &c., . . ." She names her three sisters, and the survivor, beneficiaries, and appoints them executrices. Contemplating the predecease of all three sisters, in the third item of her will, she makes alternative dispositions to various persons and for certain uses. In such alternative dispositions, the amount of her pecuniary legacies exceeds the value of her individual estate.

In an opinion filed in the Estate of Elizabeth C. Winsor, deceased, No. 2484, July Term, 1927 [11 D. & C. 423], we have endeavored to collect and review the leading cases upon the subject of blending. I shall, therefore, not repeat what we have written therein. The test as to blending is whether an intention exists to make the trust estate a part of that of the testator and then to dispose of both estates as an entirety.

In the present case, the dispositive words are found in the residuary clause. It is to be observed, however, that it is by the residuary clause that she disposes of her entire estate. The feature in Hagen's Estate, 285 Pa. 326, which, in my opinion, distinguishes it from the instant case, is that the third item of the will deals solely and exclusively with the power of appointment and its exercise. Testator expressly declared that he exercised the power in the same manner and as part of his residuary estate. The fourth clause of the will disposes of the residue. As pointed out by Judge Keller (see 85 Pa. Superior Ct. 123, 131, et seq.), the fact that the testator gave no direction for the payment of debts and made no pecuniary legacies, made the use of the words "as part of my residuary estate" significant. It was indicative of an intention that his individual estate should be used for the payment of his debts, "and the balance, if any remaining, should be disposed of in the same way that he disposed of the appointed estate."

In Dohan's Estate, 3 D. & C. 182, there was a direction to pay debts, but there were also numerous bequests, and, as in the Hagen Estate, there was an express declaration of intention of exercising the power of appointment "as part of and designating the same as my residuary estate." The disposition of the residuary estate immediately followed. All the testator was held to have intended was to appoint in the same manner and for the same uses that he disposed of his individual estate.

A potent element indicating intention to blend is that at the time of the execution of the will, as well as at the time of decease, testatrix's alternative legacies exceeded the value of her individual estate: South's Estate, 248 Pa. 165.

Whether the will works a conversion of real estate into personalty would seem to be of little aid in discovering intent to blend. I do not understand that blending relates solely to personal property. The appointed estate and the individual estate of the donee of the power—both real and personal—is blended where the appointee makes the trust estate (real and personal) a part of his own and disposes of both estates as an entirety.

Upon a consideration of the entire will and of the record, I am unable to agree with the conclusions of the Hearing Judge and the opinion filed in support thereof. I am of opinion that the testatrix intended to blend the appointed estate with her own, generally, and for all purposes. I feel that this case is governed by McCord's Estate, 276 Pa. 459, and the cases following it (see Winsor's Estate, *supra*).

I would sustain the exceptions and affirm the appraisement and assessment. LAMORELLE, P. J., and THOMPSON, J., join in this dissent.