CHARLES P. CURTIS, trustee, *vs.* COMMISSIONER OF COR-
PORATIONS AND TAXATION & another.

Suffolk.    November 5, 1959. — December 17, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Taxation*, Succession tax.    *Power.*

Where the surviving life beneficiary of a testamentary trust having a
general testamentary power of appointment of the principal specifically
exercised the power by a paragraph of her will appointing the prin-
cipal to her executor "to be . . . dealt with . . . as general assets
of . . . [her] estate," which was sufficient to satisfy all legacies and
charges without resort to the appointive property, and by another
paragraph of her will gave the residue of her estate in trust for the
benefit of her sister for life with gifts over of the principal at the sister's
death, the recipients of the appointive property so designated by the
donee nevertheless took their interests therein, not from the donee, but
from the donor by an act of the donee merely as his agent, there was
a succession to such interests by the recipients taxable under G. L.
c. 65 only in the donor's estate, and the only tax payable with respect
to the appointive property at the donee's death was a tax payable by
the donor's trustee on the donee's sister's life interest therein; the tax
then payable by the donor's trustee was not, as contended by the
commissioner of corporations and taxation, a tax on the entire value
of the appointive property on the theory that there was a succession
thereto by the donee's estate.

PETITION, filed in the Probate Court for the county of
Suffolk on August 21, 1958, against the commissioner of
corporations and taxation and Harold T. Davis, executor
and trustee under the will of Maria D. Hastings.

The respondent commissioner appealed from a decree by
*Keville,* J.

*Roy F. Teixeira,* Assistant Attorney General, for the com-
missioner of corporations and taxation.

*Jesse R. Fillman,* (*Charles P. Curtis & Richard J. Barnet*
with him,) for the petitioner.

*William Shelmerdine, Jr.,* for the respondent Harold T.
Davis, executor and trustee.

CUTTER, J.  This is a petition in equity under G. L. c. 65, § 27 (as amended through St. 1953, c. 654, § 90), by the trustee under the will of Horatio Davis against the commissioner of corporations and taxation (the commissioner), in which the executor and trustee under the will of Maria D. Hastings has been joined as a party, for the abatement of a legacy tax.  Horatio died on February 25, 1910, leaving property in trust to pay income to two nieces Susan Benson and Maria Hastings "or such of them as shall be living at the respective times of payment . . . during the life of the . . . survivor . . . and at the death of such . . . survivor . . . to . . . distribute the . . . trust fund to . . . such persons and in such manner as the . . . survivor of my said nieces by her last will . . . shall appoint," with gifts over, not here relevant, in default of appointment.  Maria was the survivor and died on June 6, 1957, leaving a will, in art. sixth of which she validly exercised the power of appointment under Horatio Davis's will by appointing the principal of the trust fund "to the executor of this my will . . . to be . . . dealt with . . . as general assets of my estate."  By art. seventh of Maria's will, she left the residue of her estate to her trustee in trust to pay the income to her sister, Alice H. Crompton, for life, with gifts over of the principal at Alice's death.

Maria's estate was sufficient to pay all debts, expenses, taxes, claims, and legacies, without resort to the appointed assets.  All Massachusetts legacy taxes payable prior to Maria's death by Horatio's executors or trustees have been paid in full.

The trustee of Horatio's will tendered to the commissioner $1,482.88 in payment of the succession tax which the trustee admitted was due on Alice Crompton's life interest in the appointed assets under art. seventh of Maria Hastings's will.  This amount was computed at the statutory rate fixed by taking into account the family relationship of Alice to Horatio Davis.  The commissioner declined to accept the tender as a payment in full for all taxes then due from the trust under Horatio's will.  He certified a tax in the

sum of $18,523.79 on the value of the entire trust as of the date of the death of Maria computed at the statutory rate based upon Maria's family relationship to Horatio Davis. The commissioner thus contended that, by art. sixth of Maria's will, Maria had made manifest "her intent to co-mingle . . . [the appointive assets] to make them part of her general estate," so that, in effect, there would be one tax upon the succession to the trust assets by their passage from Horatio's trust to Maria's estate and a further tax upon the succession to the assets as part of Maria's estate when transmitted to the residuary legatees under art. seventh of Maria's will.

The probate judge heard the case on a stipulation of the facts summarized above. The final decree provided that the "only legacy tax for which . . . [Horatio Davis's trustee] is now liable is that . . . on the present life interest of Alice H. Crompton under article seventh of the will of Maria D. Hastings in the amount of $1,482.88." The commissioner has appealed.

1. The power of appointment given to Maria under Horatio Davis's will was a general testamentary power of appointment. By exercising that power Maria made the appointive property available in equity to her creditors, although such resort was not necessary in the particular case. See *Clapp* v. *Ingraham*, 126 Mass. 200, 202–204; *National Shawmut Bank* v. *Joy*, 315 Mass. 457, 472; *Boston Safe Deposit & Trust Co.* v. *Alfred Univ.* 339 Mass. 82, 88. See also *Hill* v. *Treasurer & Receiver Gen.* 229 Mass. 474, 476–478; Newhall, Settlement of Estates (4th ed.) § 369. Cf. *Prescott* v. *Wordell*, 319 Mass. 118, 120. A similar result would have followed exercise of the power by the residuary article (seventh) of her will. See *Slayton* v. *Fitch Home, Inc.* 293 Mass. 574, 580. Maria, in the circumstances of her estate, could thus have accomplished in one step the same result in fact achieved by her in two steps, viz. (1) appointment by art. sixth to her estate, (2) the disposition by art. seventh of her residuary estate. See *Boston Safe Deposit & Trust Co.* v. *Painter*, 322 Mass. 362, 366; Newhall, Settle-

ment of Estates (4th ed.) §§ 365–366, 368. It is not necessary to decide whether, in all circumstances, the results of a disposition of the appointive assets solely by the residuary article (seventh) would have been the same as those which followed the method she in fact adopted. See Restatement: Property, § 363; Am. Law of Property, § 23.59. Whether one step or two steps were employed in the will and codicil constituting her will, Maria, by the whole of those instruments which took effect at her death, designated, in her capacity as donee of the power and thus in effect agent of Horatio, the donor, the ultimate recipients of the appointive assets. Under concepts of property law long recognized, those who receive the appointive property will take from Horatio and not from her. The disposition is a succession taxable under G. L. c. 65, § 1 (as amended through St. 1955, c. 596),[1] only in Horatio's estate. See *Emmons* v. *Shaw,* 171 Mass. 410, 411–413; *Walker* v. *Treasurer & Receiver Gen.* 221 Mass. 600, 601–602; Restatement: Property, § 333. See also Am. Law of Property, §§ 23.3–23.7.

2. The commissioner has support in various Pennsylvania cases,[2] since overcome by a statute (Purdon's Pa. Sts. Anno. Title 72, § 2301), which are contrary to the principles stated in the Massachusetts cases just cited and to authority elsewhere. See *McMurtry* v. *State,* 111 Conn. 594, 599–605, in

---

[1] Section 1, as so amended, so far as pertinent reads: "All property within the . . . commonwealth, . . . and any interest therein, belonging to inhabitants of the commonwealth, . . . which shall pass by will . . . [or] succession . . . shall be subject to a tax at the percentage rates fixed by the following table: [Here follows a table of rates] . . . ." General Laws (Ter. Ed.) c. 65, § 13, reads, so far as relevant: "Except as otherwise provided in this and the following section, the tax . . . shall be assessed upon the value of the property at the . . . death of the decedent. In case of a . . . bequest . . . to take effect in possession . . . after the expiration of one or more life estates . . . the tax shall be assessed on the value of the property or interest therein coming to the beneficiary at the time when he becomes entitled to the same in possession or enjoyment. . . ."

The power of appointment under Horatio Davis's will was created after September 1, 1907. General Laws c. 65, § 2, is not applicable by its terms. See in this connection *Binney* v. *Long,* 299 U. S. 280, 288–292.

[2] *McCord's Estate,* 276 Pa. 459, 462–464. *Forney's Estate,* 280 Pa. 282, 285–286. *Kates's Estate,* 282 Pa. 417, 424–425. *Twitchell's Estate,* 284 Pa. 135, 137–138. *Commonwealth* v. *Morris,* 287 Pa. 61, 63–64. Cf. *Howell's Estate,* 4 Pa. D. & C. 526, 532; *Morton's Estate,* 10 Pa. D. & C. 255, 256; *Winsor's Estate,* 11 Pa. D. & C. 423, 429–430.

which properly (at p. 599) the contention there and here made by the taxing authorities was referred to as "one more of form than of substance." We do not follow the Pennsylvania cases. Cases dealing with the principles of "capture" or "blending" may be used in determining questions such as arise under the rule against perpetuities. See e.g. *Fiduciary Trust Co.* v. *Mishou,* 321 Mass. 615, 622–627; *Amerige* v. *Attorney Gen.* 324 Mass. 648, 660–663. It is inappropriate to apply these principles, in the absence of a clear legislative mandate, to impose a double excise under tax statutes which deal with "matters of substance." See *Commissioner of Corps. & Taxn.* v. *Bullard,* 313 Mass. 72, 86–87, 93. See also *Commissioner of Corps. & Taxn.* v. *Second Natl. Bank,* 308 Mass. 1, 6–7. The "right to tax must be found within the letter of the law; it is not to be extended by implication." See *Gordon* v. *State Tax Commn.* 335 Mass. 431, 435. No legislative intention to impose a double excise in this situation is shown by the statutes. We intend no intimation as to the constitutional validity of such a double excise.

3. The decree of the Probate Court is affirmed. Horatio Davis's trustee is to have costs of this appeal. *Welch* v. *Commissioner of Corps. & Taxn.* 309 Mass. 293, 300. *Hopkins* v. *Commissioner of Corps. & Taxn.* 320 Mass. 168, 173. See G. L. c. 261, §§ 13, 16, and analogy of G. L. c. 258, § 3 (as amended through St. 1951, c. 518), § 4. See also G. L. c. 215, § 45.

*So ordered.*