## Morton's Estate.

*Taxation—Inheritance tax—Wills—Power of appointment—Blending of estates.*

Where a will contains a general reference to a power of appointment in the testator and also contains a direction to pay debts, the appointed estate is blended with the testator's own estate, and is taxable.

Appeal from assessment of inheritance tax. O. C. Phila. Co., April T., 1927, No. 1146.

VAN DUSEN, J., Auditing Judge.—This is an appeal from the assessment by the Register of inheritance tax on property which the decedent appointed by his will pursuant to a power given by the will of his mother. At the audit of the mother's estate the fund was awarded to the son's executors, and all questions of tax were deferred to the audit of their account. That audit came before me and I awarded tax. When exceptions were heard by the court *in banc*, it was the opinion that the question could be raised only by appeal from the Register. Hence, this proceeding, which has also come before me.

In the light of the full arguments now made, I have reconsidered the question very carefully; but I can come to no different conclusion from that which I had before.

By the will of his mother, Julia V. W. Morton, and in case he left no issue (which he did not), Robert Pearsall Morton had a power of appointment to be exercised by will. He opened his will with the following recital:

". . . hereby disposing of, in addition to my individual estate, any estate or interest over which I have testamentary power of appointment, and in particular exercising the power of appointment which I have under the will of my mother, Julia V. W. Morton."

He then directs payment of debts and funeral expenses, and proceeds to the residuary clause as follows:

"I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed of whatsoever nature and kind and wheresoever situate, unto my wife, Emily M. Morton, absolutely and in fee, in case she be living at my decease."

If the decedent blended the appointed estate with his own, it is liable to tax.

The answer to this question has been made simple by Com. *v.* Morris, 287 Pa. 61. The test there is said to be whether testator "has treated the two estates as one for all purposes and manifested an intention to commingle them generally." Now, the Morris will merely referred to the power in the preamble in language as general as any that could be used, and did not mention it thereafter; so that both estates were disposed of in the same way by the same words. Blending was the result. The same result is to be found in Stokes's Estate, 20 W. N. C. 48; Kates's Estate, 282 Pa. 417; Twitchell's Estate, 284 Pa. 135. McCord's Estate, 276 Pa. 459; Forney's Estate, 280

Morton's Estate.

Pa. 282, and Howell's Estate, 4 D. & C. 526, reach the same conclusion, but the will in each case contained specially significant language, which made the conclusion inescapable; and they are not helpful in a simple case.

My only difficulty arises from Hagen's Estate, 285 Pa. 326. That case (like Haven's Estate, 5 D. & C. 494), as I understand it, turned on the fact that the will did not direct the payment of debts, which was regarded as significant against blending. The perplexing fact is that, so far as the report and opinion show, the Morris will also did not direct the payment of debts. Both the Hagen and Morris wills seem to me to be alike, each containing a general reference to the power. Yet opposite conclusions were reached and the opinion of the Supreme Court shows no consciousness of any conflict between them. (Curiously enough, the Morris will, when inspected in the paper-books, is found to contain a peculiarly-worded direction to pay "legal claims.")

My conclusion as to the present state of the law is that while no blending will result where the power is not mentioned and is exercised only by force of the statute (Huddy's Estate, 236 Pa. 276; contra, Finn's Estate (No. 2), 18 Dist. R. 408), a blending will result from mere mention of the power where there is a direction to pay debts (Com. v. Morris, Stokes's Estate, Twitchell's Estate, Kates's Estate), but not where the direction is omitted (Hagen's Estate, Haven's Estate). Of course, special language may emphasize the blending (McCord's Estate, Forney's Estate, Howell's Estate), or may deny it by showing that the appointed estate is to be kept separate (Haven's Estate; Dohan's Estate, 3 D. & C. 182).

This will contains a general reference to the power and a direction to pay debts. The appointed estate is blended with the individual estate, and is taxable.

The appeal is dismissed.

Exceptions were filed to the adjudication.

*Malcolm Lloyd, Jr.*, for exceptions.

*Abraham Berkowitz (Charles S. Schofield* with him), contra.

GEST, J., Feb. 17, 1928.—We have considered the question raised by these exceptions with the aid of the able arguments presented on both sides, and have concluded that the judge who presided at the hearing of the appeal correctly found that the appointed estate was subject to taxation. This case is ruled by Com. v. Morris, 287 Pa. 61, between which case and the present we see no real distinction and we need not dwell upon the points of resemblance. So far as concerns a direction by the donee for the payment of debts, the direction in the present case is explicit, while in Com. v. Morris the donee directed "the payment of any debts or legal claims which I may have contracted by agreement with any person relating to my estate or otherwise." Hagen's Estate, 85 Pa. Superior Ct. 123, affirmed in 285 Pa. 326, on the other hand, is different. Aside from the fact that the donee in the latter case made no provision in his will for the payment of his debts, which, though relevant, is not essential, the opinion of the Superior Court notes that the donee did not direct that the estate, over which he had the power of appointment, should be disposed of as part of his estate generally, but as part of his residuary estate. The opinions of both the appellate courts show that the case of McCord's Estate, 276 Pa. 459, did not apply.

The exceptions are dismissed and the decree dismissing the appeal from the assessment is affirmed.

HENDERSON, J., did not sit.