## Frank R. Tobey's Estate.

*Wills—Power of appointment—Blending of estate—Taxation—Inheritance tax.*

1. Where a testator devises specific real estate to his sister for life with a general power of appointment by her will, and bequeaths a specific sum in trust for the life of the same sister with general power of appointment thereover to her by will, the sister will be deemed to have so blended the appointive estate with her own as to subject the whole to transfer inheritance tax where she specifically bequeaths her personal effects, exercises her power over the real estate devised to her in trust, gives a large number of pecuniary legacies, aggregating much more than her own estate, then gives "all the rest, residue and remainder" of her estate, including the portion of her brother over which she had a testamentary power in trust for a niece, and thereafter, in a separate clause, states that she is exercising the power of appointment given by her brother over the share of his estate left to her in trust, and finally directs that all inheritance taxes on the legacies and devises contained in her will shall be paid by her executors out of her residuary estate.

2. In such case, the fact that the sister did not expressly direct the payment of her debts is not material.

3. The physical position of a paragraph in a will is not important if the paragraph applies to the whole will.

*Wills—Power of appointment—Increase of fund left for life.*

4. Where a fund is left in trust for life with power of appointment in the *cestui que trust*, accretions to the fund from the sale of stock rights, etc., are subject to the power of appointment.

Exceptions to adjudication. O. C. Phila. Co., July T., 1914, No. 327.

*H. Gordon McCouch*, for University of Pennsylvania, exceptant.

*L. L. Smith*, for West End Trust Company, Trustee, exceptant.

*M. T. McManus, Alfred N. Keim* and *Thomas S. Williams*, for legatees of Laura H. Tobey; and *William Boenning*, for Commonwealth, contra.

GEST, J., Feb. 17, 1928.—Frank R. Tobey died in 1913, leaving a will, by which, *inter alia*, in the fourth paragraph, he devised to the West End Trust Company premises at 40th and Spruce Streets in trust for the use of his sister, Laura H. Tobey, for the term of her life, and to convey the premises to any person or persons, etc., as she should direct, limit and appoint by her last will and testament. By the fifth paragraph of his will, he bequeathed to the West End Trust Company $100,000 in trust to pay the income to his said sister, Laura H. Tobey, for the term of her life, and on her death to pay over the said principal sum to such person or persons, etc., as she should direct and appoint, with provisions in default of such appointment, and, by the seventeenth paragraph, he also devised his residuary estate to the same trustee in trust for his said sister for life, with remainder at her death to certain religious and charitable corporations as therein stated.

Laura H. Tobey died in 1926, leaving a will, by which she bequeathed specifically her personal effects, exercised her power of testamentary appointment over the real estate specifically devised in trust for her by the will of her brother Frank, and in numerous paragraphs following bequeathed pecuniary legacies to certain persons and corporations, aggregating about $75,000, and proceeded, in the twelfth paragraph of her will, as follows: "All the rest, residue and remainder of my estate, including the portion of the estate of my brother, Frank R. Tobey, over which I have testamentary disposition, I give, devise and bequeath to the West End Trust Company in trust to pay the income to my niece, Bessie R. Kurtz," for the term of her life, and on her death the testatrix bequeathed certain pecuniary charitable legacies, and the

balance to the University of Pennsylvania, to become a part of the Endowment Fund of that institution. She further provided, in paragraphs fourteen and fifteen of her will, as follows: "Fourteenth, in making this my last will and testament, I hereby exercise the power of appointment given to me by the last will and testament of my deceased brother, Frank R. Tobey, over the share of his estate in the hands of the trustee under his last will and testament. Fifteenth, I order and direct that all Federal, estate and collateral inheritance tax on all the legacies and devises contained in this my last will and testament shall be paid by my executors out of my residuary estate."

This account is filed by the trustees of the fund of $100,000 bequeathed by Frank R. Tobey in trust for his sister Laura, under the fifth paragraph of his will. The principal questions raised at the argument upon the exceptions filed are, first, whether the legacies bequeathed by Laura are payable from the appointed fund; and, second, whether the appointed estate is subject to inheritance tax according to the doctrine of McCord's Estate, 276 Pa. 459. The Auditing Judge held in his adjudication that the fund should be awarded to the executor of the will of Laura H. Tobey, because she had made the donor's estate her own practically for all purposes, citing Com. v. Morris, 287 Pa. 61, and other cases, from which it follows inferentially that the appointed estate is subject to the legacies bequeathed by Laura H. Tobey and to inheritance tax as her estate. In our opinion, the adjudication is correct. It may be admitted that the principle of McCord's Estate often presents difficulty in its application, but we do not propose to discuss in detail the numerous cases cited at the argument. We observe, however, that were it not for the fourteenth paragraph of the will above quoted, it might be argued that Hagen's Estate, 285 Pa. 326, is applicable. But in the fourteenth paragraph of her will, Laura, the donee, expressly states, as above quoted, that she is making her will in the exercise of the power of appointment given to her by the will of her deceased brother, Frank, over the share of his estate in the hands of the trustee under his will. Laura had already, in the third paragraph of her will, expressly exercised her power of appointment over premises at 40th and Spruce Streets, specifically devised in trust for her, and she, again, in the twelfth paragraph, included in her residuary estate that portion of her brother Frank's estate over which she had testamentary disposition; so there was no necessity or reason for her fourteenth paragraph, unless she intended it to apply to her entire will; that is, to those portions of it also in which she did not specifically refer to the exercise of her power. If the fourteenth paragraph had followed immediately after the third paragraph, we think there could be no doubt on the subject, especially in view of the fact that her individual estate was totally inadequate to defray the legacies given in paragraphs four to eleven, inclusive, of her will. The physical position of this paragraph is not important; it applies to the whole will, just as sometimes a testator will write his residuary bequest in the beginning, and just, as in her fifteenth paragraph, she provides for the exemption of all of her legacies from tax. After all, blending is a question of intention, and we are of opinion that the donee, regarding the appointed estate as virtually her own, intended so to dispose of it. It is true that she did not expressly direct the payment of her debts, but the Supreme Court has held that this is not necessary: Hagen's Estate, 285 Pa. 326. We agree with the Auditing Judge that Com. v. Morris, 287 Pa. 61, rules the present case, and the exceptions on this branch of the case are dismissed.

The account of the trustee shows that the fund of $100,000 originally awarded to it in trust under the terms of the will was increased by the sale

of stock rights and of stocks, etc., so that the balance of principal now to be distributed consists of $165,519.49, and it was claimed at the audit that the difference was not subject to the power of appointment, but fell into the residuary estate of Frank R. Tobey. The Auditing Judge, however, ruled that the entire balance was subject to the power of appointment, and as the exceptions to this ruling were not pressed at the argument, and we fully agree with him, these exceptions are also dismissed.

All exceptions are dismissed and the adjudication is confirmed absolutely.

HENDERSON, J., did not sit.