MARY M. LEE, EXECUTRIX, ESTATE OF ROBERT E. LEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21626. Promulgated November 18, 1929.

*John E. Laskey, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

## OPINION.

GREEN: The question here involved is whether the respondent erred in including as a part of the decedent's gross estate under section 402(e) of the Revenue Act of 1921, the above amount of $306,669.49. Section 402(e) provides in part as follows:

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(e) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, \* \* \*.

Both parties admit that the provisions of the will of W. H. F. Lee reciting " without having devised the estate bequeathed to them " and " without having devised the property given them by my will " created a power of appointment in each of his sons to appoint one-half of his estate subject to the life estate of their mother, Mary Tabb Lee. The respondent based his determination in part on the ground that the will of the decedent's father gave decedent such a power and the petitioner, in her brief, after reciting the above clauses of the will of W. H. F. Lee, states, " it is apparent that the will gave a power to appoint by ' devise.' " We are entirely in accord with the construction which the parties hereto have placed upon the will of the decedent's father. Our conclusion in this respect coincides with that of the Circuit Court of Fairfax County, Virginia, for while the decree does not mention powers of appointment, it is clear that such a decree would be erroneous if no such power existed. Cf. *Lucas* v. *Duffield* (Va.), 6 Grat. 456; *Wootton* v. *Redd's Ex'r.* (Va.), 12 Grat. 196; *Randolph* v. *Wright*, 81 Va. 608.

The respondent determined that the power was a "general" power; that it was exercised by the decedent by will; and that the property in question "passed" under the general power so exercised.

The petitioner admits that a power existed and that it was exercised by the decedent by will but contends that the power was a "special" or "limited" power, rather than a "general" power and that the Act, if applied to the instant power, would be unconstitutional as violating Article I, Section 8; Article I, Section 9; and the Fifth Amendment to the Constitution of the United States. The petitioner further contends that since the power exercised was created prior to the passage of the Act, it would be giving the statute a retroactive effect to apply it to the facts in this case and that there is nothing in section 402 (e), *supra*, to indicate that Congress intended that section to be retroactive. Finally, the petitioner contends that in any event the only effectual exercise of the power by Robert E. Lee was to create a life estate in Mary M. Lee and that no tax could properly be levied against the remainder in fee simple to George Bolling Lee, who took such remainder as heir-at-law or as devisee of W. H. F. Lee, rather than under the power exercised by his deceased brother.

All of the above contentions of the petitioner, with the exception of the one relating to the retroactivity of the Act, were recently considered and adversely decided by us in the cases of *Emily Annette Agnus Leser, Executrix*, 17 B. T. A. 266, and *Edward J. Hancy, Executor*, 17 B. T. A. 464. See the cases cited therein and particularly the case of *Fidelity-Philadelphia Trust Co., Executor of the Will of Therese L. Coles, Deceased*, v. *McCaughn*, decided by the District Court of the United States for the Eastern District of Pennsylvania, June 20, 1928, not reported in the Federal Reporter except in the margin of the opinion of the United States Circuit Court of Appeals for the Third Circuit, which court, on August 29, 1929 (34 Fed. (2d) 600), adopted and affirmed, respectively, the opinion and judgment of the court below.

In connection with petitioner's contention that the respondent has, in the instant case, applied section 402 (e), *supra*, retroactively, her position is that Congress did not intend that section to apply to powers *created prior* to the enactment of the Act but exercised thereafter, else it would have said so, and, that under the principles laid down in *Shwab* v. *Doyle*, 258 U. S. 529, it is error to include the property here in question in the decedent's estate under that section, for the reason that the power which was exercised was created in 1891 long prior to the passage of the 1921 Act. She further contends that if there is any doubt as to the applicability of section

402 (e) to powers created prior but exercised subsequent to the passage of the Act, that doubt should, under *Gould* v. *Gould*, 245 U. S. 151, be resolved in her favor and against the Government.

A careful reading of the statute leaves no doubt as to the intention of Congress, for it specifically *includes* in the gross estate of every decedent dying after the passage of the Act " any property passing under a general power of appointment exercised by the decedent (1) by will." Congress did not specify when a power had to be created any more than it specified when a person had to become invested with property in order that it be considered a part of his estate at death. The time of the creation of the power does not determine taxability any more than does the date of the acquisition of the decedent's own property. In enacting section 402 (e), *supra*, Congress simply prescribed that three things be necessary in order that the kind of property in question be included in a decedent's gross estate, namely, that (1) there be a " general " power of appointment; that (2) it be " exercised by the decedent "; and that (3) there be property " passing " under the power so exercised. The petitioner concedes that the power in question was exercised, and in our opinion above we have ruled adversely to the petitioner's contentions regarding the first and third requisite of the statute. See *Emily Annette Agnus Leser, Executrix, supra,* and *Edward J. Hancy, Executor, supra.*

The tax sought to be imposed is an excise tax on the *transfer* of property at death and is measured by the value of the property transferred. *Chase National Bank* v. *United States*, 278 U. S. 327. In *Chanler* v. *Kelsey*, 205 U. S. 466, the Supreme Court, in speaking of powers exercised by a donee, said:

However technically correct it may be to say that the estate came from the donor and not from the donee of the power, it is self-evident that it was only upon the exercise of the power that the estate in the plaintiffs in error became complete. Without the exercise of the power of appointment the estates in remainder would have gone to all in the class named in the deeds of William B. Astor. By the exercise of this power some were divested of their estates and the same were vested in others. It may be that the donee had no interest in the estate as owner, but it took her act of appointment to finally transfer the estate to some of the class and take it from others.

In the instant case the transfer was subsequent to the passage of the Act and in our opinion no question of retroactivity is involved.

We, therefore, conclude that the power which was exercised by the decedent was a general power; that the property of the value of $306,669.49 which the respondent has included in the gross estate of the decedent passed under the exercise of that power;

and that section 402(e) of the Revenue Act of 1921 does not conflict with any provision of the Federal Constitution.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

LANSDON dissents.