**PENNSYLVANIA CO. v. UNITED STATES.**
Civil Action No. 5170.

District Court, E. D. Pennsylvania.
Oct. 4, 1946.

Franklin E. Barr, of Philadelphia, Pa., for plaintiff.

Gerald Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The motion for summary judgment is granted. In Morgan v. Commissioner, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585, the Supreme Court dealt with the question involved, and in that case Justice Roberts said that it does not make any difference what the definition of a general power of appointment by the state law is, that this is a question of construing a taxing statute, and that the only question is the meaning to be given the word under the statute. Then having so stated, Justice Roberts proceeded to say that the distinction usually made between a general and a special power—that is to say, the distinction which he adopted for the case—lies in the circumstance that under the former, he may appoint to anyone, including his own estate or his creditors, thus having as full dominion over the property as if he owned it; whereas under the latter, the donee may appoint only amongst a restricted or designated class of persons other than himself.

I believe that the government concedes that if, under the law of Pennsylvania, this power was so limited that the donee could not appoint to his creditors or his own estate, it would be a special power and would be so construed by the Supreme Court under the taxing statute, but it seems to me that examination of the Pennsylvania cases shows that this donee, Mrs. Drayton, was perfectly free to appoint to her creditors under the terms of this will, if she so desired.

The case which has been cited and discussed more than any other is Miller's Trust, and in reading that case, it seemed quite clear to me that the only question involved there was not whether the original will gave the donee the right and the power to appoint to his creditors, but whether the donee, by his will, had actually done so, and the specific question was whether the general direction by him that his debts and funeral expenses should be paid was to be construed as an exercise pro tanto of the power of appointment of the principal of the spendthrift trust. There simply would not have been the slightest use in the five-page discussion of the Supreme Court if it were the law of Pennsylvania that a donee of a power to appoint the principal of a spendthrift trust in which he has the life estate, has no power to appoint to his creditors. That could have been said in

a sentence. The whole opinion proceeds upon the assumption that the donee has such power if he chooses to exercise it. If you will read the opinion, it will be seen that it turns on whether the donee actually exercised the power of appointment within its terms as given to him by the original testator; and the Court came to the conclusion that that general bequest or direction on his part to pay his just debts and funeral expenses did not operate to appoint any part of the spendthrift trust to creditors, and that it did not operate, not because he did not have the power to make it operate so to do, but because it obviously was not his intention to make his direction that his debts be paid an exercise of the power.

The other cases all indicate pretty definitely that the donee of a power of appointment of this kind can appoint to creditors or can appoint to anybody that he wishes.

It may even be, under some of the cases in Pennsylvania construing authority granted under general powers of appointment, that a limitation providing against appointment to creditors would not be sufficient to take it out of that class, but I am willing to assume for the purposes of this opinion that it would, and the point is that I do not think there is such a limitation under the law of Pennsylvania.

In McCord's Estate, 276 Pa. 459, 120 A. 413, 415, it was held that " 'Donees under general powers of testamentary appointment may dispose of the estate, subject to the power, directly to their appointees, or they may reduce it to the possession of their executors and subject it to their debts, expenses of administration and legacies. * * *.' " The trust in McCord's Estate was not a spendthrift trust but, the following year, in Forney's Estate, 280 Pa. 282, 124 A. 424, 425, a case involving an inheritance tax upon the estate of the donee of the power, the Supreme Court, citing McCord's Estate as authority, held that the donee of a power of appointment under a spendthrift trust in a will which directed the payment of debts could "* * * make such testamentary disposition of the trust fund as she saw fit." The Court went on to say "The effect of Miss Forney's will was to make the trust estate a part of her own and then bequeath it as such to her legatees, who take from her and not from her father."

An order may be presented entering judgment for the defendant.