STATE STREET BANK AND TRUST COMPANY & another, executors and trustees, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Middlesex.  April 4, 1968. — June 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Taxation,* Succession tax.

Reading § 3 of G. L. c. 65A in conjunction with § 1 thereof, the credit provided by § 3 for a tax paid under that chapter against a tax payable under c. 65 upon a future interest is available only in the estate of a decedent in which both taxes are assessed.  [402]

Where it appeared that, upon the death of a testator, an inheritance tax under G. L. c. 65 was then due from his estate on the vested interest of his widow in a marital deduction trust established by his will for her for life and thereafter for his children, that upon the widow's death later no inheritance tax under c. 65 was due from her estate but an inheritance tax was due under c. 65 from the testator's estate by reason of the vesting of his children's future interests in the trust fund, that a Federal estate tax was due from the widow's estate on the property therein, which included, in major part, the trust fund, subject, in ac-

---

cordance with the Internal Revenue Code of 1954, § 2011, to a credit for State death taxes paid by her estate in respect to such property, and that a tax under c. 65A, § 1, was due from her estate in the amount of the Federal credit, it was held that the inheritance tax due under c. 65 from the testator's estate by reason of the vesting of his children's future interests in the trust fund could not be considered paid on the theory that § 3 of c. 65A required a credit against it of the larger tax on the widow's estate under § 1 of c. 65A. [401, 402–403]

PETITION in equity filed in the Probate Court for the county of Middlesex on April 25, 1967.

The case was reserved and reported by *McMenimen*, J.

*Myer L. Orlov* for the petitioners.

*Barry F. Corn*, Assistant Attorney General, for the respondent.

WHITTEMORE, J. This petition in equity in the Probate Court seeks a determination that an inheritance tax assessed against the estate of George E. French has been paid because of a statutory credit. The case was reserved and reported without decision on a statement of agreed facts.

George E. French died testate May 27, 1951. The will provided for a marital deduction trust for the benefit of his widow Mena V. French over which she had a general testamentary power of appointment. Mena French died testate October 9, 1963, not having exercised her power of appointment, and the trust estate passed under George's will to a son and (in trust) to a daughter.

On George's death a Federal estate tax was not imposed on so much of his estate as was included in the marital deduction trust. Under Massachusetts statutes (G. L. c. 65), however, an inheritance tax was then due and payable on Mena's interest in that trust inasmuch as it then vested in possession and enjoyment. When Mena died on October 9, 1963, the Federal estate tax became due on her estate including, in major part, the trust fund. As the future interests (the interests of the son and daughter) in that fund then vested in possession, Massachusetts inheritance taxes (c. 65) on these interests became payable in George's estate in the amount of $37,157.35. Mena's estate for Federal estate tax purposes was valued at $1,344,969.06. On this

estate a Federal estate tax of $437,887 was due subject to a credit of $54,478 for State death duties, to the extent paid. For Massachusetts tax purposes Mena's estate was inventoried at only $63,784.81 (the assets other than the trust fund); the net estate was $7,713.10; and no Massachusetts inheritance taxes were payable under c. 65. An estate tax in the amount of the Federal credit however was payable in Mena's estate under c. 65A.

Chapter 65A was enacted to take advantage of the Federal credit. Int. Rev. Code of 1954, § 2011. The general concept is to impose a tax of the difference between the Federal credit and the aggregate of State death duties otherwise imposed.[1]

The petitioners request that the taxes on Mena's estate under c. 65A in the amount of the Federal credit ($54,478) be credited against the lesser sum ($37,157.35) due as the inheritance tax under c. 65 on the future interests in George's estate. They contend that the two taxes are in effect levied against parts of what at George's death was a single aggregate of property, and either the specific credit provision (G. L. c. 65A, § 3) or the general import of G. L. c. 65A so requires.

General Laws c. 65A, § 3, provides: "If after the payment of the tax under this chapter there shall become payable a tax under chapter sixty-five upon any future interest in any property owned by such decedent or subject to such

---

[1] General Laws c. 65A, § 1, reads in part: "A tax is hereby imposed upon the transfer of the estate of every person dying after February twenty-sixth, nineteen hundred and twenty-six, who at the time of death was a resident of this commonwealth, the amount of which shall be the amount by which eighty per cent of the estate tax payable to the United States under the provisions of the federal revenue act of nineteen hundred and twenty-six shall exceed the aggregate amount of all estate, inheritance, legacy and succession taxes actually paid to the several states of the United States in respect to any property owned by such decedent or subject to such taxes as a part of or in connection with his estate. A tax is hereby imposed upon the transfer of the estate of every person who at the time of death was a resident of this commonwealth and whose estate is subject to an estate tax imposed under any act of congress subsequent to the federal revenue act of nineteen hundred and twenty-six, the amount of which shall be the amount by which the federal credit under such federal revenue act shall exceed the aggregate amount of all estate, inheritance, legacy and succession taxes actually paid to the several states of the United States in respect to any property owned by such decedent or subject to such taxes as a part of or in connection with his estate."

tax as a part of or in connection with his estate the tax paid under this chapter shall be credited against such tax under said chapter sixty-five, but the amount so credited shall not in any event exceed the amount of the tax on such future interest."

We question whether there is any ambiguity in c. 65A, § 3, which, read alone, would permit the construction contended for. In any event, § 3 must be read in conjunction with § 1. So read, we see no escape from the conclusion that the statute provides for a credit available only in the estate of the decedent against which the Federal estate tax is assessed and which is itself subject to the tax under c. 65A. We see nothing in the petitioners' point that § 2 of the original 1926 House Bill No. 1201 provided for a credit of "all estate . . . taxes actually paid . . . in respect of any property included in the gross estate." The different provisions of the statute in fact enacted [2] suggest an intentional change and that the statute should be construed as it is written.

Except for the tax under c. 65A on Mena's estate, no Federal estate tax credit under § 2011 would be allowed and the Federal government (rather than the Commonwealth) would have received the amount assessed under c. 65A. By § 2011 (a) (see also subsec. [b]), the credit is allowed for State taxes paid "in respect of any property included in the [Federal estate tax] gross estate [here of Mena] (not including any such taxes paid with respect to the estate of a person *other than the decedent*)" (emphasis supplied).

Even if Mena had exercised her power of appointment under the marital deduction trust, the future interests passing on her death and then taxable would be deemed future interests in George's estate and not in hers. *Curtis* v. *Commissioner of Corps. & Taxn.* 340 Mass. 169, 171–172.

This is not a case of double taxation. Massachusetts has received from Mena's estate the $54,478 which as noted, except for the Federal credit, would have been paid by

---

[2] For the evolution of the statute see 1926 House Journal, pp. 440, 460, 665, 840, 850, 872, 880, 940, 941.

Mena's estate to the Federal government. It is not patently unreasonable for the General Court to omit to provide an offset of this tax against inheritance taxes payable in George's estate because of other interests in the same property. The asymmetry in such a case as this arises, of course, because c. 65 treats the succession to future interests under a marital deduction trust as an excise payable with respect to a transfer in the estate of the testator or settlor, and the Federal estate tax treats the tax due with respect to that transfer as taxable to the estate of the surviving spouse. We assume that other statutory provisions could be made that would avoid the seeming unfairness which gives rise to the present controversy. This, however, is in the area of legislative decision.

A decree is to enter to the effect that the tax on the future interests under George's will in the amount of $37,157.35 has not been paid.

*So ordered.*