ANN T. WARD & others *vs.* COMMISSIONER OF
CORPORATIONS AND TAXATION.

Worcester. September 15, 1975. — October 31, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Taxation,* Succession tax.

The tax credit under G. L. c. 65A, § 3, against inheritance taxes im-
    posed and paid·under c. 65, § 1, on future interests in a decedent's
    estate, was not "property" or an "interest therein" and was not
    itself subject to tax under c. 65, § 1, at the time the future interests
    vested. [6]

BILL IN EQUITY filed in the Probate Court for the county
of Worcester on September 19, 1973.

The suit was heard by *Conlin,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*John F. Hurley,* Deputy Assistant Attorney General, for
the defendant.

*Phillips S. Davis* for the plaintiffs.

WILKINS, J. The Commissioner of Corporations and
Taxation (Commissioner) appeals from a judgment grant-
ing an abatement of certain inheritance taxes assessed by
him. At issue is the question whether the tax credit
available under G. L. c. 65A, § 3, for State estate taxes
paid with respect to future interests, is itself subject to
inheritance taxes imposed by G. L. c. 65, § 1, at the time
those future interests vest. We agree with the ruling
below that the tax credit was not subject to inheritance
tax under G. L. c. 65.

The judge made findings of fact which are not chal-
lenged. Caro E. Christy (Caro) died in 1967, survived

by her ninety-one year old husband Horace. By her will, substantially all of Caro's probate estate was poured over into an inter vivos trust which she had created. By its terms Horace was to receive income from the trust during his life, and at his death the trust assets were to be distributed to the plaintiffs. The Federal estate tax credit available for any State death taxes paid exceeded the Massachusetts inheritance taxes payable at Caro's death by $131,032.86, and, accordingly, under G. L. c. 65A, § 1, her estate was obliged to pay that amount as an estate tax. After Horace died in 1972, the trustee of the inter vivos trust paid the Massachusetts inheritance taxes due on the future interests which vested in the plaintiffs at Horace's death, deducting $131,032.86 as a credit.

The Commissioner did not challenge the availability of the credit, but he did claim that an additional inheritance tax of $22,429.62 was payable, asserting that the tax credit of $131,032.86 was includible as a taxable asset of the trust passing to the plaintiffs. The trustee paid the amount of additional tax, and the plaintiffs commenced this action to obtain a refund of the taxes. The judge ruled that the tax credit provided in G. L. c. 65A, § 3, was not a taxable asset subject to inheritance taxes under G. L. c. 65, § 1.

Chapter 65A was enacted in 1927 (see St. 1927, c. 178, § 1) in response to the obvious desirability to the Commonwealth of a State estate tax which would absorb the full amount of the estate tax credit available under the Federal estate tax law to a decedent's estate for State death taxes paid. Such a State estate tax has been characterized as a "sponge" tax because it is designed to divert death taxes to the State which otherwise would go to the Federal government. See *Frost* v. *Commissioner of Corps. & Taxation*, 363 Mass. 235, 236-237 n.2 (1973).

Section 3 of G. L. c. 65A provides that a credit shall be available against future inheritance taxes payable under G. L. c. 65 as to a future interest in property which generated any portion of an estate tax under G. L.

c. 65A.   The credit is equal to that portion of the State estate tax paid which was attributable to the future interest, but in no event may it exceed the inheritance tax on that future interest.

The Commissioner claims that such a credit for State estate taxes previously paid is itself taxable under G. L. c. 65, § 1, because the credit is "property" or an "interest therein" "belonging to inhabitants of the commonwealth" and that it is property which "pass[ed] by will, or by laws regulating intestate succession, or by deed, grant or gift" so as to be subject to an inheritance tax.   He argues that G. L. c. 65A, § 3, created "a fund to be applied against the inheritance tax which would become due at the time that the taxpayers-remaindermen's right to possession vested."

We believe that the Commissioner's position is untenable.   There is, of course, no fund created.   Nothing in G. L. c. 65A, or in its legislative history, indicates that the Legislature intended to collect more inheritance taxes (as opposed to estate taxes) by enacting G. L. c. 65A.[1] Certainly, on its face, § 3 of G. L. c. 65A does nothing more than describe a potential inheritance tax credit. Section 3 seems intended to eliminate, rather than create, discrimination in State death tax consequences among estates subject to State estate taxation under G. L. c. 65A.[2]   Thus, the Commissioner's argument finds no

---

[1] See *State St. Bank & Trust Co.* v. *Commissioner of Corps. & Taxation,* 354 Mass. 399, 401 (1968).   See also the Annual Report of the Commissioner of Corporations and Taxation in 1927 which recommended that the "sponge" tax be continued following a one-year estate tax statute adopted in 1926 (St. 1926, c. 355).   1927 House Doc. No. 27, at 11.   In that 1927 report the Commissioner recommended a continuation of the estate tax "to take up the 'slack.'"   *Ibid.* There is no suggestion that G. L. c. 65A, inserted by St. 1927, c. 178, was intended to produce additional revenue except as a "sponge" tax.

[2] Without § 3 the inheritance taxes payable as to property passing similarly from certain estates of similar value will vary.   Without a credit such as § 3 provides, assuming in each instance that a "sponge" tax is payable, an estate involving future interests will pay more in

special aid in the language or apparent purpose of G. L. c. 65A. Having concluded that the statute under which the tax credit was created gives no support to the Commissioner's position, we turn to the question whether a tax credit under G. L. c. 65A, § 3, falls nevertheless within the character of property subject to inheritance taxation under G. L. c. 65, § 1.

A credit against an inheritance tax is not "property" or an "interest therein" which might "pass by will," by intestate succession, or "by deed, grant or gift." See G. L. c. 65, § 1. In dealing with the same substantive language in a prior inheritance tax statute, we described the words "property . . . which shall pass . . . to any person" as signifying "the property which the legatee actually would get were it not for the State tax imposed by the sentence in which the words occur." *Hooper* v. *Shaw*, 176 Mass. 190, 191 (1900). An inheritance tax credit is hardly property which the plaintiffs would get if G. L. c. 65, § 1, did not exist. More recently, we said that the object of G. L. c. 65, § 1, "is to tax the shifting of the economic benefits and enjoyment of property from the dead to the living. " *Gregg* v. *Commissioner of Corps. & Taxation*, 315 Mass. 704, 706 (1944). The tax credit which did not exist in her lifetime was not property of Caro, nor did it "pass" or "shift" from her to the plaintiffs. Thus, G. L. c. 65, § 1, does not impose an inheritance tax on this tax credit.

At the very most, one might conclude in favor of the Commissioner's position that G. L. c. 65, § 1, is ambiguous on this point. If it were ambiguous, the Commissioner's undenied long standing prior interpretation of G. L. c. 65, § 1, as to inheritance tax credits under G. L. c. 65A, § 3, would be entitled to great weight in resolving any such ambiguity against his present position.

inheritance and State estate taxes collectively than an estate which has no future interests subject to G. L. c. 65, § 1, but is otherwise similar in amount and plan of distribution.

*Wellington* v. *Commissioner of Corps. & Taxation,* 359 Mass. 448, 452 (1971).[3]

*Judgment affirmed.*

---

[3] The Commissioner has changed his position on this subject in the recent past, abandoning an earlier stance which is consistent with the taxpayers' position here.   See R.F. Barrett & A.C. Bailey, Taxation 467-468 (2d ed. 1970), in which appears an October 22, 1969, Announcement of the then Commissioner concerning Legislative Changes in the Calendar Year of 1969, setting forth (in paragraph VI) an example in which the Commissioner's present position is not asserted and should have been if his present position were maintained by the then Commissioner.